**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CIVIL ACTION NO: 4:19-CV-00183-JHM**

| | |
|---|---|
| **J.M., a minor, age 3, by his Court Appointed**<br>**Guardian, PATRICA EVANS; MICHELLE**<br>**VANNOY; and ROGER EVANS** | **PLAINTIFFS** |

**V.**

| | |
|---|---|
| **MELISSA D. HATFIELD; ANNA BROWN;**<br>**and LIGHTHOUSE CASUAULTY COMPANY**<br>**(Name changed to ZIVA SEGUROS on October 16, 2019)** | **DEFENDANTS** |

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Defendant Lighthouse Casualty Company's Motion to Dismiss.  [DN 6].  Fully briefed, this matter is ripe for decision.  For the following reasons, Lighthouse's Motion is **GRANTED**.

**I. BACKGROUND**

Plaintiffs Michelle Vannoy and J.M. were the occupants of a vehicle owned by Plaintiff Roger Evans.  [DN 1-2 ¶¶ 3, 4, 7].  Vannoy was driving the vehicle when she was allegedly rear-ended by a vehicle driven by Defendant Melissa Hatfield.  [*Id.* at ¶ 4].  Vannoy and J.M. were injured.  [*Id.* at ¶¶ 7, 9].  The vehicle that Hatfield was driving is owned by Defendant Anna Brown and insured by Defendant Lighthouse.  [*Id.* at ¶ 10].  Lighthouse asserts there are several other additional claimants because of the accident.  [DN 6-1 at 2].  After the accident, Lighthouse filed an interpleader in an Indiana court to allow distribution of the insurance proceeds to all claimants.  [DN 6-5].  Later, J.M. sued in Hopkins Circuit Court and Lighthouse removed the suit to this Court.  [DN 1-2, DN 1].  Lighthouse now requests that the Court dismiss the case for, among other reasons, lack of personal jurisdiction.  [DN 6].

## II. STANDARD OF REVIEW

"In a diversity case, a federal court determines whether personal jurisdiction exists over a nonresident defendant by applying the law of the state in which it sits." *Third Nat'l Bank v. WEDGE Grp. Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989) (citation omitted). Thus, the Court will apply Kentucky law. The Court applies a two-step inquiry to determine whether it may exercise personal jurisdiction over a nonresident defendant: "(1) whether the law of the state in which the district court sits authorizes jurisdiction, and (2) whether the exercise of jurisdiction comports with the Due Process Clause." *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006) (citation omitted).

When a district court "rules on a jurisdictional motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(2) without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) (citation omitted). To defeat this motion to dismiss, the plaintiff needs only to make a prima facie showing of jurisdiction. *Id.* Furthermore, the court must "not consider facts proffered by the defendant that conflict with those offered by the plaintiff." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (citation omitted).

## III. DISCUSSION

Lighthouse contends that J.M. fails to allege that it took any action that make it subject to Kentucky's long-arm statute; Lighthouse insists that J.M. cannot make such an allegation because it is not an insurer that does business in Kentucky and the policy here was issued in Indiana to an Indiana resident for a vehicle based in Indiana. [DN 6-1 at 10–11]. While J.M. makes no mention of Kentucky's long-arm statute in his Response, J.M. appears to argue that because Hatfield drove

the vehicle from Indiana into Kentucky and the accident happened in Kentucky that personal jurisdiction exists over Lighthouse. [DN 10 at 4, 10, 11]. J.M. also asserts that Lighthouse "has assured jurisdiction in this [C]ourt by removing the case from the Hopkins Circuit Court" to federal court. [*Id.* at 11]. J.M. cites no caselaw to support any of his jurisdiction arguments.

"Kentucky's long-arm statute permits Kentucky courts to exercise personal jurisdiction over certain nonresident defendants." *Churchill Downs, Inc. v. NLR Entm't, LLC*, No. 3:14-CV-166-H, 2014 WL 2200674, at *5 (W.D. Ky. May 27, 2014) (citing K.R.S. § 454.210). The Kentucky Supreme Court has found that the statute requires a two-prong showing before a court can exercise personal jurisdiction over a nonresident. *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011). First, the Court must find that a nonresident's conduct or activities fall within one of nine enumerated provisions in K.R.S § 454.210. If this first prong is satisfied, then the second prong requires the Court to determine if the plaintiff's claim arises from the Defendants' actions. *See* K.R.S. § 454.210(2)(b) ("When jurisdiction over a person is based solely upon this section, only a claim arising from acts enumerated in this section may be asserted against him."). This requires a showing of "a reasonable and direct nexus between the wrongful acts alleged in the complaint and the statutory predicate for long-arm jurisdiction." *Caesars*, 336 S.W.3d at 59. This analysis should be undertaken on a case-by-case basis, "giving the benefit of the doubt in favor of jurisdiction." *Id.*

Here, J.M.'s Complaint makes no mention of Kentucky's long-arm statute and it is devoid of jurisdictional allegations that suggest that Lighthouse's activities fall within one of the enumerated provisions in the long-arm statute. Indeed, the only potential basis for exercising personal jurisdiction over Lighthouse appears to be the "transacting any business in this Commonwealth" provision of the long-arm statute and he has not even sufficiently alleged facts

to support that basis of jurisdiction.  K.R.S. § 454.210(2)(a)(1).  J.M.'s jurisdictional allegations appear to hinge on the accident occurring in Kentucky and that Hatfield drove the vehicle into Kentucky.  [DN 1-2 at  ¶¶ 13, 17].  However, that is not enough to make a prima facie showing that the Court has personal jurisdiction over Lighthouse when "[t]he key inquiry in personal jurisdiction cases concerns the activities of the defendant."  *Carter v. Paschall Truck Lines, Inc.*, 338 F. Supp. 3d 883, 889 (W.D. Ky. 2019) (citation omitted).  J.M. does allege that Lighthouse is an insurance company in Illinois and is not licensed to do business in Kentucky.  [DN 1-2 ¶¶ 10, 22].  J.M. has not made a prima face showing that Lighthouse's conduct falls within Kentucky's long-arm statute.

Finally, contrary to J.M.'s argument, Lighthouse's removal does not assure jurisdiction because removal does not constitute a waiver of its lack of personal jurisdiction defense.  *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses."); *see Chiancone v. City of Akron*, No. 5:11CV337, 2011 WL 4436587, at *5 (N.D. Ohio Sept. 23, 2011) ("Removal, however, does not waive any defenses that a defendant may have.").  Because the Court does not have personal jurisdiction over Lighthouse, the Court need not consider Lighthouse's other arguments.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Lighthouse's Motion to Dismiss [DN 6] is **GRANTED**.

Joseph H. McKinley Jr., Senior Judge
United States District Court

April 23, 2020

cc: counsel of record